UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ARTHUR GLEN WILSON,                          §
                                             §
   Plaintiff,                               §
                                             §
v.                                           §    CIVIL ACTION NO. 3:25-CV-0366-B
                                             §
KROGER TEXAS, L.P.,                          §
                                             §
   Defendant.                               §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Kroger Texas L.P. ("Kroger")'s Motion for Leave to Designate Responsible Third Party (Doc. 13). After reviewing the parties' arguments and applicable law, the Court **GRANTS** Kroger's Motion.

## I.

## BACKGROUND

This is a premises liability suit. Plaintiff Arthur Glen Wilson alleges that in February 2023, while shopping at a store operated by Kroger, he slipped on an unmarked puddle of water originating from a leak in the roof. Doc. 1-2, Ex. 4, Original Pet. ¶ 4.1; Doc. 13-3, Mot. Leave Ex. B, at App. 9. In January 2025, Wilson filed this action, asserting claims for negligence. *See* Doc. 1-2, Ex. 4, Original Pet. ¶ 5.2.

In February 2026, Kroger brought the present Motion, asking the Court for leave to designate Kimco Mesquite, L.P. ("Kimco") as a responsible third party under Texas Civil Practice and Remedies Code section 33.004. Doc. 13, Mot. Leave, 1. Specifically, Kroger contends that Kimco owns the building in which the alleged accident occurred and was responsible for its upkeep,

including roof leak repairs. *See id.* ¶¶ 4-6. In accordance with Texas law, Wilson timely objected to Kroger's Motion. *See* Doc. 14, Obj., 2-3.

The Court considers the Motion below.

## II.

## <u>LEGAL STANDARD</u>

"Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort . . . may reduce his liability by a percentage of responsibility attributed to a responsible third party." *Mavuninu-Jean v. Reyes*, No. 3:19-cv-1571-B, 2019 WL 5963886, at *1 (N.D. Tex. Nov. 13, 2019) (Boyle, J.) (citing Tex. Civ. Prac. & Rem. Code § 33.002). Where applied, this designation of liability requires "the trier of fact to assign a percentage of responsibility to each claimant, defendant, settling person, and [responsible third party] with respect to each cause of action alleged." *Est. of Pruitt v. Asphalt Zipper, Inc.*, No. 21-50717, 2022 WL 2826450, at *3 (5th Cir. July 20, 2022) (per curiam) (citing Tex. Civ. Prac. & Rem. Code §§ 33.002(a), 33.003(a)(1)-(4)). Chapter 33 "applies to all torts governed by Texas law, including those tried in federal courts." *Nunez v. City of Corpus Christi*, No. 2:12-CV-092, 2013 WL 164045, at *1 (S.D. Tex. Jan. 14, 2013). "Whether or not to grant a motion for leave to designate responsible third parties is within the court's discretion." *Cadle Co. v. Keyser*, No. 5:15–CV–217–RP, 2015 WL 12866217, at *1 (W.D. Tex. May 13, 2015) (citations omitted).

Chapter 33 places two relevant limitations on a defendant's ability to designate a third party. First, section 33.004(d) precludes defendants from designating responsible third parties as to a given cause of action if (1) the applicable limitations period for the cause of action is now expired and (2) the defendant was obligated to—but did not—timely disclose that the third party could be designated

as responsible. Second, where the plaintiff timely objects to a motion for leave to designate, the Court cannot designate a responsible third party if the defendant did not "plead sufficient facts concerning the [third party's] alleged responsibility." *See* § 33.004(g)(1).

### III.

### ANALYSIS

The Court grants Kroger's Motion for Leave because it was timely filed and contains adequately pleaded facts to suggest that Kimco could be responsible for Wilson's negligence claims.

A.     *Kroger's Motion is Timely.*

Under Texas law, "a defendant may not designate a responsible third party after limitations has expired 'if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party.'" *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (citing § 33.004(d)). In diversity actions, this issue is complicated because federal and state discovery rules differ on whether, or to what extent, a defendant would need to disclose potential responsible third parties to begin with. District courts in this Circuit are divided on the question. *Contrast Webber, LLC v. Symons Corp.*, No. 4:12-CV-181-A, 2013 WL 3356291, at *2 (N.D. Tex. July 3, 2013) (McBryde, J.) (noting that a defendant cannot "fail[] to comply with" Texas disclosure obligations in federal court and that, even if such Texas disclosure rules applied, they would be irrelevant unless the plaintiff had specifically requested disclosure of responsible third parties before the statute of limitations expired), *with Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 690-91 (E.D. Tex. 2014) (rejecting *Webber* and holding that section 33.004(d) should be read flexibly as intending a "just and reasonable result" in lieu of mechanical application).

The Supreme Court of Texas appears to favor *Withers*'s flexible approach, explaining that

the "timeliness" of disclosure focuses on whether the defendant, in delaying his motion for leave to designate, engaged in "any dilatory or stall tactics to game the system." *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 784-85 (Tex. 2020). For example, a defendant that provides "incomplete responses [to discovery requests], fail[s] to supplement before limitations expired, and fail[s] to adequately supplement after limitations had expired does not satisfy" the timeliness requirement under section 33.004(d). *Id.* (citing *Dawson,* 550 S.W.3d at 629-30). On the other hand, if a defendant's failure to disclose a responsible third party before expiration of the statute of limitations is "the natural consequence of [the plaintiff's] decision to wait to file suit until limitations were nearing terminus," the "gamesmanship concerns section 33.004(d) operates to prevent" are not triggered. *Id.* at 785 (citations omitted).

Here, the Court need not determine whether Kroger could have had an affirmative obligation to disclose Kimco's existence or was instead bound only by general fairness concerns. In either case, Kroger's Motion is timely. Wilson's alleged fall occurred on February 3, 2023. Wilson filed the present suit on January 10, 2025. *See generally* Doc. 1-2, Ex. 4, Original Pet. In Texas, personal injury claims have a two-year statute of limitation period. Tex. Civ. Prac. & Rem. Code § 16.003(a). In short, Wilson filed his suit only 24 days before the statute of limitations expired on his claims, and Kroger did not have a meaningful opportunity, or any affirmative obligation under Texas or federal law, to disclose Kimco's potential liability before that time.

The Court acknowledges that Defendant waited until over a year after the Petition's filing and after the close of discovery to seek designation. This delay, even standing alone, could create gamesmanship concerns. But Wilson does not claim any such concerns. He does not contend that Kroger's delay caused discovery disadvantages or was done for any other improper purpose. Indeed,

it appears that Wilson has known that Kimco was the store's landlord and property manager since at least May 2025—well before the close of discovery. *See* Doc. 13-3, Mot. Leave, Ex. D, at App. 18. Accordingly, the Court finds that Kroger's Motion is timely.

B.   *Kroger Pleads Sufficient Facts to Suggest Kimco's Responsibility for Wilson's Claims.*

To preclude designation, objecting parties must establish that the defendant has not pleaded sufficient facts to satisfy the requirements of the Texas Rules of Civil Procedure. *Curlee v. UPS, Inc.*, No. 3:13-CV-0344-P, 2014 WL 11516541, at *3 (N.D. Tex. Dec. 12, 2014) (Solis, J.) (citing § 33.004(g)). Importantly, federal courts construing section 33.004 apply Texas's notice-pleading standard, not federal pleading requirements. *See BCC Merch. Sols., Inc. v. Jet Pay, LLC*, No. 3:12-CV-5185-B, 2015 WL 13118075, at *2 (N.D. Tex. Jan. 15, 2015) (Boyle, J.) (applying Texas's "fair notice" standard to evaluate motion filed under § 33.004). This standard requires only "a short statement of the cause of action sufficient to give fair notice of the claim involved." *In re Universal Pressure Pumping, Inc.*, No. 14-25-00829-CV, 2026 WL 395243, at *3 (Tex. App.—Houston [14th Dist.] Feb. 12, 2026, no pet. h.) (citation omitted). (quotation marks and citation omitted). "The trial court is restricted to evaluating the sufficiency of the facts pleaded by the party moving for leave to designate . . . and is not permitted to review the truth of the allegations or consider the strength of the evidence." *Id.*

In its Motion for Leave, Kroger alleges that if there was any "unreasonably dangerous condition at the store," this condition was created "by the negligence of [Kimco]" because Kimco is the landlord of the store at issue. Doc. 13, Mot. Leave ¶ 4. Under the leasing agreement between Kroger and Kimco, Kimco was allegedly "responsible for maintaining the structure and the exterior of the premises, which includes the roof." *Id.* ¶ 6. Wilson alleges that a puddle of water, originating

from a leak in the building's roof, caused his injuries. *See id.* Thus, taking Kroger's allegations as true, Wilson's claim necessarily implicates Kimco, at least in part, for roof-maintenance issues. Accordingly, Kroger has sufficiently pled facts that, if true, give fair notice of the claim involved. *See Universal Pressure Pumping*, 2026 WL 395243, at *3.

**IV.**

**<u>CONCLUSION</u>**

For the reasons stated above, the Court **GRANTS** Kroger's Motion for Leave to Designate a Responsible Third Party (Doc. 13).

**SO ORDERED.**

**SIGNED: March 31, 2026.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE